UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

|  |  |
|---|---|
| MARTIN ESCANO<br>on behalf of himself and<br>all others similarly situated, | Index No. 14-CV- 04239 (PAC) |
| Plaintiff, | JURY TRIAL DEMANDED |
| -against- |  |
| N&A PRODUCE AND GROCERY CORP.,<br>d/b/a PIONEER SUPERMARKET, JOKASTA<br>MEDINA, individually, and NEFTALY MEDINA,<br>Individually, | **AMENDED COMPLAINT** |
| Defendants. |  |

------------------------------------------------------------x

Plaintiff, Martin Escano ("Escano"), on behalf of himself and all others similarly situated, by his attorneys, Kreisberg and Maitland, LLP, complaining of the defendants, N&A Produce and Grocery Corp. d/b/a Pioneer Supermarket ("N&A Produce"), Jokasta Medina, individually, and Neftaly Medina, individually (collectively referred to herein as the "defendants"), alleges the following:

## PRELIMINARY STATEMENT

1.  This is a civil action brought by the plaintiff and similarly situated staff against the defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. ("FLSA"), and the New York State Labor Law ("NYLL"), Labor Law 12 N.Y. Comp. Codes R. & Regs. Pt. 142-2.4, Sections 162 and 190, spread of hours pay and the Wage Theft Protection Act, for the defendants' failure to pay plaintiff and similarly situated staff overtime, and their failure to provide written notice of wage rates and meal breaks, in violation of said laws.

2.  Defendants have failed to comply with the requirements of the FLSA and NYLL by, inter alia, failing to compensate its staff for overtime hours worked by them.

3.  This action is also brought by the plaintiff against the defendants for violation of Section §8-107.1(a) of the New York City Administrative Code and Charter ("NYCHRC"). Plaintiff is aggrieved by the defendants' discriminatory discharge of him from his position of employment because of his disability of a herniated disc at L-1 and tendinitis in his back, in violation of the New York City Human Rights Law ("NYCHRL"). Plaintiff, after informing defendants that he was feeling ill because of his back condition and that he might not be able to work that day, was first told by defendants not to come in to work again until he was called, and then told by them that he was discharged because he was disabled. Plaintiff remains fully able to perform all of the duties of his former position of employment from which he was discharged notwithstanding his aforesaid disability.

4.  Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, and compensation for their violation of the NYCHRL and failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the NYCHRL, FLSA and NYLL.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6.  This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

8. Plaintiff is and was at all times relevant hereto an individual residing in the county of the Bronx, in the city and state of New York.

9. Plaintiff's consent to sue form is attached as Exhibit A.

10. At all times relevant to this action, plaintiff has been an employee who is engaged in commerce or the production of goods for commerce on behalf of defendants.

11. Defendant, N&A Produce, doing business as Pioneer Supermarket, upon information and belief, is and was at all times relevant hereto a New York corporation engaged in the produce and grocery business, having its main office and place of business located in the county of the Bronx, in the city and state of New York.

12. At all times relevant to this action, defendant N&A Produce, was an "enterprise engaged in interstate commerce" within the meaning of the FLSA. N & A produce has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

13. Defendant, Jokasta Medina, is a person engaged in business in Bronx County, who is sued individually in his capacity as an owner, officer and/or agent of defendant N&A Produce. Defendant Jokasta Medina exercised sufficient control over defendant N&A Produce's operations to be considered the plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and

fire employees and established and maintained policies regarding the pay practices at defendant N&A Produce.

14. During the relevant time period, defendant Jokasta Medina, along with defendant Neftaly Medina, owned and controlled the operations between 3-5 N&A produce stores.

15. Defendant, Neftaly Medina, is a person engaged in business in Bronx County, who is sued individually in her capacity as an owner, officer and/or agent of defendant N&A Produce. Defendant Neftaly Medina exercises sufficient control over defendant N&A Produce's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at defendant N&A Produce.

16. During the relevant time period, defendant Neftaly Medina, along with defendant Jokasta Medina, owned and controlled the operations between 3-5 N&A Produce stores.

## COLLECTIVE ACTION ALLEGATIONS

17. The claims in this Complaint arising out of the FLSA are brought by plaintiff on behalf of himself and similarly situated persons (i.e., stockmen) who are current and former employees of defendant N&A Produce since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

18. The FLSA Collective consists of approximately 35 similarly situated current and former stockmen of defendant N&A Produce who have been victims of defendants'

common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

19. As part of its regular business practice, defendants have intentionally, willfully, and repeatedly harmed plaintiff and the FLSA Collective by engaging in a pattern practice and/or policy of violating the FLSA.  This policy and pattern or practice includes, inter alia, the following:

   a) failing to pay employees the applicable overtime rate for all time work in excess of forty (40) hours per week;

   b) failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

20. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.  Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to plaintiff and the FLSA Collective.

21. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to defendants, are readily identifiable, and locatable through their records.  These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

22. Defendants routinely employed other stockmen.  The position of stockman was and is exempt.  Although the various employees working in the position of stockman were exempt, for all worked hours in excess of forty hours per week each of these employees were not paid overtime.

5

23. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the minimum wage for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

24. Defendants failed to compensate plaintiff and members of the FLSA Collective at one and one-half times the minimum wage for all hours worked in excess of forty (40) during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

25. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

26. Defendants paid plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

### Plaintiff's Employment at N&A Produce

27. From in or about 2007 through in or about February 2014, plaintiff was employed, without interruption, as a stockman by defendant, N&A Produce. As a stockman,

6

plaintiff's job duties included engaging in physical work such as unloading trucks and stocking shelves.

28. As discussed below, this physical labor caused plaintiff to suffer a herniated disc at L-1 and painful tendinitis in his back.  However, as evidenced throughout plaintiff's long tenure with defendant N&A Produce, he nonetheless was able to perform his job duties at a fully satisfactory level.

29. Throughout plaintiff's employment by N&A Produce, he was never paid overtime as required under the FLSA and NYLL, even though he would regularly work as many as 72 hours per week.  Instead, defendant N&A Produce would pay him a set amount per week (e.g., $500 per week), regardless of the actual number of hours he worked.

30. Throughout plaintiff's employment, he would be assigned his work schedule by a supervisor.  Plaintiff, though, never "punched in" a time clock (or used any other method) documenting the hours he worked.

## N&A Produce Violations of the Wage Theft Protection Act

31. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with a written notice of wage rates.

32. Throughout the relevant time period, defendants paid plaintiff and the FLSA Collective class wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

33. Plaintiff  and the FLSA Collective class was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

### Plaintiff's Employment at the Woodcrest Street Location

34. From in or about 2007 through in or about 2008, for a period of approximately eight months, plaintiff was employed at N&A Produce d/b/a as Pioneer Supermarket on Woodcrest Street in the Bronx, New York ("Woodcrest Street location").

35. At the Woodcrest Street location, plaintiff worked alongside approximately 3-5 other stockmen.  These stockmen were treated similarly as plaintiff with respect to payment and work schedule.

36. Plaintiff worked at the Woodcrest Street location six days per week.  Plaintiff's regularly scheduled hours were from 10:00 a.m. to 9:00 p.m. each day.

37. Despite working 11 continuous hours per day, plaintiff was not provided any meal breaks by defendants.

38. In addition, plaintiff never received overtime pay during his employment at defendants' Woodcrest Street location.

39. In addition, plaintiff was never paid an extra hour pay for work performed by him on days he worked ten or more hours per day.

40.  Rather, plaintiff was paid $500 per week by the defendants regardless of how many hours per week he actually worked during said period.  Defendants paid plaintiff this amount in cash.

**Plaintiff's Employment at the Cypress Avenue Location**

41.  At or about the end of 2008, plaintiff was transferred from the Pioneer Supermarket on Woodcrest Street to the defendants' Pioneer Supermarket on Cypress Avenue in the Bronx, N.Y. ("Cypress Avenue location").  Plaintiff worked at the Cypress Avenue location from in or about the end of 2008 through on or about December 31, 2010.

42.  At the Cypress Avenue location, plaintiff worked alongside approximately 3-5 other stockmen.  These stockmen were treated similarly as plaintiff with respect to payment and work schedule.

43.  Plaintiff worked at the Cypress Avenue location six days per week.  His regularly scheduled hours were from 7:00 a.m. through 9:00 p.m. each day.

44.  At the Cypress Avenue location, plaintiff initially was paid $500 per week; beginning in 2009, he received $600 per week, regardless of how many hours per week he actually worked during said period.

45.  Despite regularly working 14 hours each day, plaintiff never received overtime pay from defendants.  In addition, plaintiff never received meal breaks from defendants.

46.  In addition, plaintiff was never paid an extra hour pay for work performed by him on days he worked ten or more hours per day.

47.  Throughout plaintiff's employment at the Cypress Avenue location, plaintiff was paid in cash.

**Plaintiff's Employment at the Castle Hill Location**

48. Effective on or about January 1, 2011, plaintiff was transferred to Pioneer's Castle Hill supermarket located on Castle Hill Avenue, Bronx, NY ("Castle Hill location"). From on or about January 1, 2011, until his discharge on or about February 5, 2014, plaintiff worked at the Castle Hill location.  His work schedule there was Monday through Saturday, 10:00 a.m. through 10:00 p.m. each day.

49. At the Castle Hill Location, plaintiff worked alongside approximately 3-5 other stockmen.  These stockmen were treated similarly as plaintiff with respect to payment and work schedule.

50. Despite regularly working 12 hours each day, plaintiff was not provided overtime or meal breaks by defendants.

51. In addition, plaintiff was never paid an extra hour pay for work performed by him on days he worked ten or more hours per day.

52. Defendants paid plaintiff $380 per week by check and an additional $320 per week in cash (for a total of $700 per week), regardless of how many hours per week he actually worked.

**Plaintiff was discharged because**
**of his Disability in Violation of the NYC Human Rights Law**

53. As previously stated, while plaintiff was able to perform the duties of his job in a fully satisfactory manner, while working at the Castle Hill location he suffered a herniated disc at L-1 and also suffered from tendinitis in his back. He continued to suffer from those conditions while working at the Castle Hill location. Plaintiff

informed defendants that he suffered from a herniated disc and back pain while working at both the Cypress Ave location and at the Castle Hill location.

54. On or about February 5, 2014, Plaintiff texted Miguel Jerez ("Jerez"), a bookkeeper for N&A Produce.

55. In his text, plaintiff informed Jerez that he was not feeling well because of back pain and stated that he might not be able to report for work that day. In response, Jerez told plaintiff that if he continued to not feel well he should see a doctor. Also in that text, Jerez told plaintiff to let defendant Jokasta Medina know that his back was bothering him.

56. Approximately thirty minutes after that text, Jerez sent plaintiff another text in which he informed plaintiff to stay home and not report to work. Jerez further informed plaintiff that defendants would contact plaintiff when they needed him and not to return to work until then.

57. Sometime between on or about February 15, 2014, and on or about February 20, 2014, defendant Neftaly Medina informed plaintiff that he was discharged. Plaintiff asked why, after years of devoted service, he was suddenly being discharged. Defendant Neftaly Medina informed plaintiff that he was no longer able to work for defendants because they believed he was disabled.

## FIRST CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. §§ 201

58. Plaintiff and the FLSA Collective Class repeat and realleges paragraphs 1 through 57 as if full set forth herein.

59. Defendants are employers within the meaning of 29 U.S.C. §§ 203.

60. Defendants are required to pay plaintiff and the FLSA Collective one and one-half (1.5) times the regular rate of pay for all hours they worked in excess of forty (40) in a workweek pursuant to the overtime provisions set forth in the FLSA, 29 U.S.C. § 207(a), *et seq.*  Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

61. At all relevant times throughout his employment, defendants operated under a policy of willfully failing and refusing to pay plaintiff and the FLSA Collective one and one-half times their regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though plaintiff and the FLSA Collective were entitled to receive overtime payments.

62. At all relevant times throughout his employment, defendants willfully, regularly and repeatedly failed to pay plaintiff and the FLSA Collective the required overtime rate of one and one-half times his regular hourly rate for hours worked by them in excess of forty (40) hours per workweek.

63. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### Unpaid Overtime Wages Under New York Labor Law

64. Plaintiff and the FLSA Collective hereby repeats, reiterates and re-alleges each and every allegations set forth in paragraphs 1 through 63 of this Complaint as thought set forth fully at length herein.

65. Defendants are employers within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

66. Defendants failed to pay plaintiff and the FLSA Collective the overtime premium of one and a half times his regular hourly rate of pay, in violation of the NYLL.

67. Defendants' failure to pay required overtime was willful.

68. As a result of defendants' NY Labor Law violations, plaintiff and the FLSA Collective are entitled to recover from defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and his costs of this action, including interest, pursuant to the NY Labor Law.

### THIRD CLAIM FOR RELIEF
### Failure to Provide a Meal Break as
### Required Under New York Labor Law §162

69. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs numbered 1 through 68 of this Complaint as though set forth fully at length herein.

70. Throughout the period covered by these claims, defendants failed to provide plaintiff and other similarly situated staff with meal breaks for days on which plaintiff and the similarly situated staff worked six (6) or more continuous hours per day.

71. At all relevant times throughout his employment, defendants willfully, regularly and repeatedly failed to provide plaintiff and the other similarly situated staff their required meal break for days on which he worked six (6) or more continuous hours per day.

72. Plaintiff and the other similarly situated staff is therefore entitled to damages in accordance with NYLL §162.

## FOURTH CLAIM
### (New York Labor Law-Wage Theft Act)

73. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 72 of this Complaint as thought set forth fully at length herein.

74. Defendants failed to furnish plaintiff and other similarly situated staff with the required notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL §195(1).

75. Due to the defendants' violation of the NYLL § 195(1), plaintiff and similarly situated is entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and his costs and disbursements of this action, pursuant to the NYLL § 198(1-b).

## FIFTH CLAIM
### (Violation of New York Spread of Hours)

76. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 75 of this Complaint as if though set forth fully at length herein.

77. Throughout the period of his employment by defendants, plaintiff and similarly situated staff worked shifts that were over ten (10) hours in length.

14

78. At all relevant time throughout his employment, defendants operated under a policy of willfully failing and refusing to pay plaintiff spread of hours pay for days when he worked over ten (10) hours, and willfully failing to keep records as required by the FLSA even though plaintiff was entitled to spread of hours pay.

79. Plaintiff and similarly situated employees seek damages in the amount of their respective unpaid extra hour pay, liquidated (double) damages as provided by the NYLL for spread of hour violations, attorneys' fees and costs and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM
### (Discriminatory Discharge Under the NYCHRL)

80. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 79 of this Complaint as though set forth fully at length herein.

81. On or about February 5, 2014, plaintiff informed defendants that he was experiencing pain in his back from his herniated disc and tendinitis and questioned whether he would be able to work that day.

82. Defendants, upon learning of plaintiff's back pain, immediately notified him not to return to work until called, and then shortly thereafter informed him that he was discharged because he was disabled. In fact and in truth, although plaintiff does suffer from a disability within the meaning of the NYCHRL, he was and is not disabled from performing the duties of his employment as an employee of defendant.

83. Said action by defendants was discriminatory and in violation of Section §8-107(1)(a) of the New York City Human Rights Law.

15

84. As a direct and proximate result of the defendants' actions, plaintiff suffered and continues to suffer actual damages, in form including but not limited to, lost income, lost future earnings and mental anguish and pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective, respectfully requests that this Court enter a judgment against the Defendants, N&A Produce and Grocery Corp. d/b/a Pioneer Supermarket, Jokasta Medina and Neftaly Medina, jointly and severally, as follows:

(a)   On the First Claim of Relief, damages for the unpaid overtime due to plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by law, interest, attorneys' fees, and the cost of this action;

(b)   On the Second Claim of Relief, damages for the unpaid overtime due to plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by law, interest, attorneys' fees, and the cost of this action;

(c)   On the Third Claim of Relief, damages for unpaid meal breaks to plaintiff and the FLSA Collective, in amount to be determined at the trial of this action;

(d)   On the Fourth Claim of Relief, awarding damages to plaintiff and the FLSA Collective as a result of defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

(e)   On the Fifth Claim of Relief, awarding plaintiff and the FLSA Collective liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring and at other times as required pursuant to the NYLL;

(f)   Declaring that defendants' violations of the FLSA and NYLL were willful;

16

(g) Awarding Plaintiff and the FLSA Collective pre-judgment and post-judgment interest under the FLSA and the NYLL;

(h) Awarding Plaintiff and the FLSA Collective reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL;

(i) Authorizing the issuance on notice at the earliest possible time to all staff who were employed by defendants during the three years immediately preceding the filing of this action.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit; and

(j) Awarding such other and further relief as the Court deems just and proper.

Dated: August 18, 2014
       New York, NY

Respectfully submitted,

KREISBERG & MAITLAND, LLP

By:   /s Jeffrey Kreisberg
      Jeffrey Kreisberg (JK: 2599)
      Kreisberg & Maitland, LLP
      Attorneys for Plaintiff
      75 Maiden Lane, Suite 603
      New York, NY 10038
      Telephone:    (212) 629-4970
      Facsimile:    (212) 268-0544
      jkreisberg@kmlaw.net