**LITTLER MENDELSON**
A Professional Corporation
One Newark Center – Eighth Floor
Newark, New Jersey 07102
(973) 848-4700
    Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTIN ESCANO,<br><br>        Plaintiffs,<br><br>v.<br><br>N&A PRODUCE AND GROCERY CORP., d/b/a PIONEER SUPERMARKET, JOKASTA MEDINA, individually, and NEFTALY MEDINA, individually<br><br>        Defendants. | Civil Action No. 14-cv-4239 (PAC)<br><br>**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**<br><br>**VIA ECF** |

    Defendants N&A Produce and Grocery Corp., Jokasta Medina and Neftali Medina, (improperly pleaded as Neftaly Medina) (collectively referred to as "Defendants") by and through their attorneys, Littler Mendelson, P.C., by way of Answer to plaintiff's Amended Complaint say:

**AS TO THE PRELIMINARY STATEMENT**

    1.    Defendants admit that plaintiff purports to bring this action on behalf of himself and others under Federal and State wage and hour law. Defendants deny that any violations of such statutes occurred as alleged in the Amended Complaint.

    2.    Defendants deny the allegations contained in Paragraph 2.

    3.    Defendants admit that plaintiff purports to bring this action pursuant to NYCHRC and NYCHRL, but deny that any violation of the statutes occurred as alleged in the Amended Complaint.

    4.    Defendants admits that plaintiff purports to seek injunctive and declaratory relief

through his Amended Complaint, but deny any such relief in warranted or justified.

## AS TO JURISDICTION AND VENUE

5. Defendants admit the allegations contained in Paragraph 5.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants admit that venue is proper in this District, but deny any of the events or omissions alleged in the Amended Complaint occurred.

## AS TO THE PARTIES

8. Defendants, upon information and belief, admit the allegations contained in Paragraph 8.

9. Defendants deny that the Amended Complaint served on them contains an attached consent to sue form as alleged in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

## AS TO THE COLLECTIVE ACTION ALLEGATIONS

17. Paragraph 17 contains no allegations of fact, therefore an answer is not required.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Paragraph 23 contains conclusions of law, therefore no answer is required.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

## **AS TO THE FACTS**

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Paragraph 31 contains a legal conclusion to which no answer is required.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants admit the allegations contained in Paragraph 34.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42

43. Defendants deny the allegations contained in Paragraph 43

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 54.

55. Defendants lack sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

## AS TO THE FIRST CLAIM FOR RELIEF

58. Defendants repeat their answers to Paragraph 1 through 57 above as if set forth fully at length herein.

59. Defendants admit that N&A Produce and Grocery Corp. is an employer within the meaning of 29. U.S.C. §203. Defendants deny any and all remaining allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62.

63. Defendants deny the allegations contained in Paragraph 63.

## AS TO THE SECOND CLAIM FOR RELIEF

64. Defendants repeat their answers to Paragraph 1 through 63 above as if set forth fully at length herein.

65. Defendants admit that N&A Produce and Grocery Corp. is an employer within NY Labor Law §652 and 12 NYCRR §142-2.2. Defendants deny any and all remaining allegations contained in Paragraph 65.

66. Defendants deny the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

## AS TO THE THIRD CLAIM FOR RELIEF

69. Defendants repeat their answers to Paragraph 1 through 68 above as if set forth fully at length herein.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

## AS TO THE FOURTH CLAIM

73. Defendants repeat their answers to Paragraph 1 through 72 above as if set forth fully at length herein.

74. Defendants deny the allegations contained in Paragraph 74.

75. Defendants deny the allegations contained in Paragraph 75.

## AS TO THE FIFTH CLAIM

76. Defendants repeat their answers to Paragraph 1 through 75 above as if set forth fully at length herein.

77. Defendants deny the allegations contained in Paragraph 77.

78. Defendants deny the allegations contained in Paragraph 78.

79. Defendants deny the allegations contained in Paragraph 79.

### AS TO THE SIXTH CLAIM

80. Defendants repeat their answers to Paragraph 1 through 79 above as if set forth fully at length herein.

81. Defendants deny the allegations contained in Paragraph 81.

82. Defendants deny the allegations contained in Paragraph 82.

83. Defendants deny the allegations contained in Paragraph 83.

84. Defendants deny the allegations contained in Paragraph 84 and further deny that plaintiff is entitled to any relief requested in subparagraph (a) through (j) of the prayer for relief.

WHEREFORE, Defendants deny that plaintiff is entitled to any relief sought in the Amended Complaint and request judgment against plaintiff with respect to his claims asserted therein, dismissing the Amended Complaint in this action, and request judgment in favor of Defendants, together with their costs and disbursements, and any other relief this Court may deem just and proper.

### AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims of the named plaintiff and some or all allegedly similarly situated persons are barred by the applicable statute(s) of limitations, including, but not limited to 29 U.S.C. §255.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are not properly the subject of a collective action pursuant to 29 U.S.C. §216(b) because they are not similarly situated.

### FOURTH AFFIRMATIVE DEFENSE

At all times, defendants acted in conformity with interpretations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.* made by the Wage and Hour Division of the U.S. Department of Labor.

### FIFTH AFFIRMATIVE DEFENSE

Any alleged violations of the FLSA were not willful and, therefore, any claims for overtime pay by plaintiff that occurred more than two years prior to the date plaintiff filed the Amended Complaint or the date any similarly situated employee opts-in to this civil action are barred by the two-year statute of limitations provided in 29 U.S.C. §255.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense may also apply to the claims of some or all of the class of allegedly similarly situated persons.

### SEVENTH AFFIRMATIVE DEFENSE

Actions taken by defendants with respect to plaintiff and/or any allegedly similarly situated employees were taken in good faith and with reasonable grounds to believe such conduct comported with the FLSA and Portal-to-Portal Act, including 29 U.S.C. §§203(o), 207 and 254.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. § 207, defendants are entitled to statutory credit toward any

overtime compensation sought by plaintiff and/or any allegedly similarly situated employees for any overtime payments defendants have already made during the relevant time period.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent plaintiff and/or any allegedly similarly situated employee did not work more than forty (40) hours in any given work week and, therefore, are not entitled to overtime under § 207 of the FLSA.

### TENTH AFFIRMATIVE DEFENSE

Any amounts properly excluded from the calculation of the regular rate of pay pursuant to 29 U.S.C. §207(e) must likewise be excluded from the calculation of any overtime rate of pay which may be found to be due plaintiff and/or any allegedly similarly situated employees.

### ELEVENTH AFFIRMATIVE DEFENSE

The United States District Court for the Southern District of New York should not exercise supplemental jurisdiction under 23 U.S.C. § 1367 for plaintiff's New York State Labor Law claims.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no adverse employment action.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimus non curet lex*.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from relief due to his failure to mitigate damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by plaintiff's own contributory and/or comparative fault.

**SIXTEENTH AFFIRMATIVE DEFENSE**

N&A employed plaintiff on an at-will basis and, therefore, either plaintiff or N&A could terminate his employment at any time with or without notice and with or without cause.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state facts sufficient to state a claim that would support the award of compensatory or punitive damages against defendants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

The Amended Complaint is barred in whole or in part by the applicable Statute of Limitations.

**NINETEENTH AFFIRMATIVE DEFENSE**

N&A took all action regarding plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendants reserve the right to add additional defenses as they may become known during the pendency of this litigation.

Date:  September 19, 2014
Newark, New Jersey

/s/ William P. McLane
William P. McLane
LITTLER MENDELSON, P.C.
One Newark Center, 8th Floor
Newark, New Jersey 07102
(973) 848-4700 (telephone)
(973) 215.2615 (facsimile)

Attorneys for Defendants

## CERTIFICATION OF SERVICE

    I hereby certify under penalty of perjury that on this date I caused a true and exact copy of the foregoing Answer to be electronically served via ECF service on Jeffrey Kreisberg, Esq., Kreisberg & Maitland, LLP, Attorneys for Plaintiff, 75 Maiden Lane, Suite 603, New York, New York 10038.

                                                                   ___s/ William P. McLane___
                                                                       William P. McLane

Dated: September 19, 2014

Firmwide:129023445.1 073608.1002