UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
MARTIN ESCANO, *Individually and on* :
*behalf of others similarly situated*, :
:
*Plaintiff*, : 14-cv-4239 (PAC)
:
-against- :
: ORDER
N&A PRODUCE AND GROCERY CORP., :
d/b/a PIONEER SUPERMARKET, JOKASTA :
MEDINA, *individually, and* NEFTALY :
MEDINA, *individually* :
:
*Defendants*. :
-----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff moves for an order: (1) conditionally certifying the case as a collective action under the Fair Labor Standards Act ("FLSA"); (2) authorizing notice to potential opt-in members; (3) requiring Defendants to produce contact information for potential opt-in members; and (4) requiring Defendants to post the notice and opt-in consent forms. For the reasons set forth below, Plaintiff's motion is GRANTED, subject to certain revisions to the proposed notice.

## BACKGROUND

Between 2007 and 2014, Defendants Yokasta and Neftaly Medina owned several supermarkets in the Bronx, including three stores located at Woodycrest Avenue, Cypress Avenue, and Castle Hill Avenue.[1] Plaintiff worked as a stockman at each of the three locations. Escano Decl. ¶¶ 1-3. Plaintiff's duties included unloading food from trucks, stocking shelves, and maintaining inventory. *Id.* ¶ 4. He received a flat rate of pay each week, no matter how many hours he worked. Escano Decl. ¶ 5.

---

[1] Defendant Yokasta Medina is improperly named in the Complaint as Jocasta Medina. Woodycrest Avenue is improperly identified in the Complaint as Woodcrest Avenue. Opp. Mtn. at 4 n.2, n.3.

1

Plaintiff worked at the Woodycrest location from 2007 to 2008. He generally worked six days per week, from 10 a.m. to 9 p.m., and was paid $500 per week. From 2008 to 2010, Plaintiff worked at the Cypress location. He worked six days per week, from 7:00 a.m. to 9:00 p.m, and was paid $600 per week. From 2011 to 2014, Plaintiff worked at the Castle Hill location. He worked six days per week, from 10:00 a.m. to 10:00 p.m., and was paid $700 per week. Compl. ¶ 34-52.

Plaintiff observed that Defendants employed approximately five stockmen at each of the three locations. Escano Decl. ¶ 8. Those stockmen performed the same duties as Plaintiff, and worked similar schedules to Plaintiff, totaling more than 40 hours per week. *Id.* Plaintiff does not know how much the other stockmen were paid per week, but "often discussed" with those stockmen that they "did not get paid extra for hours that [they] worked" in excess of 40 hours per week. *Id.* ¶ 10. In particular, Plaintiff recalls two stockmen at the Cyprus location, Alcadio Nicaacio and Jose Lantigua, who would "frequently complain" to Plaintiff that they were not being paid overtime, even though they regularly worked more than 40 hours per week. Escano Reply Decl., ¶ 8.

Plaintiff seeks conditional certification for all stockmen who were employed at Defendants' Woodycrest, Cypress, and/or Castle Hill locations. Plaintiff does not define the time period for which he seeks conditional certification, but indicates that the relevant time period is from June 12, 2008 through the date of this Order. *See* Reply Mtn. 9; *Salomon v. Adderley Indus.*, 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012).

## ANALYSIS

### I. Conditional Certification

Courts in this Circuit consider whether to certify a FLSA collective action using a two-step method. *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). First, a court determines "whether it is appropriate to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Schwerdtfeger v. Demarchelier Mgmt., Inc.*, 2011 U.S. Dist. LEXIS 60338, at *9 (S.D.N.Y. June 6, 2011) (citation omitted). Second, the court decides whether the collective action "may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers*, 624 F.3d at 555.

At the preliminary stage, only "a modest factual showing" that plaintiffs and potential opt-in plaintiffs "were victims of a common policy or plan that violated the law" is required. *Id*. The court does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at this stage. *Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). Moreover, a court may "grant[] conditional collective certification based solely on the personal observations of one plaintiff's affidavit." *Hernandez v. Bare Burger Dio Inc.*, 2013 U.S. Dist. LEXIS 89254, at *7 (S.D.N.Y. June 25, 2013).

Plaintiff has made the "modest factual showing" necessary for conditional certification of stockmen at the Woodycrest, Cypress, and Castle Hill supermarket locations. *See Myers*, 624 F.3d at 555. Plaintiff's declaration and testimony set forth the duties he performed as a stockman, the hours he worked, and the amount and manner in which he was paid. Plaintiff also testified that other stockmen performed the same duties as he did; that no stockmen were required to punch a time clock; and that Defendants did not keep track of the number of hours

3

that any stockmen worked. Escano Tr. 108-09. Moreover, Plaintiff observed other stockmen working a similar number of hours per week as he worked, and discussed with them Defendants' failure to pay overtime wages. He specifically names two stockmen at the Cypress location who were also not paid overtime. Escano Decl. ¶ 8; *see Cano v. Four M Food Corp.*, 2009 U.S. Dist. LEXIS, at *15-16 (E.D.N.Y. Feb. 3, 2009).

Plaintiff has also demonstrated a sufficient factual basis to include stockmen from the three supermarket locations in the conditional certification. Defendants own all three locations; based on Plaintiff's personal experience at each of the three locations, Defendants had a common policy of not keeping track of stockmen's hours and not paying them overtime wages.[2] *See Karic v. Major Auto. Cos. Inc.*, 799 F. Supp. 2d 219, 226-27 (E.D.N.Y. 2011). Plaintiff is not required to establish that he personally worked in all of the stores during the relevant period. *See id.*

Defendants dispute Plaintiff's allegations, arguing that he is not "similarly situated" to other stockmen because he performed different duties, and because he was paid in a different manner. Plaintiff, however, has testified that he performed the same duties as other stockmen, and the court does not "resolve factual disputes, or make credibility determinations" at this stage. *See Lynch*, 491 F. Supp. 2d at 368. Similarly, Plaintiff is not required to show at this stage that his compensation was exactly the same as other stockmen, but instead that they "were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555.

## II. Notice

Defendants' request that the notice be modified to include contact information for defense counsel is GRANTED. Courts regularly permit inclusion of defense counsel's contact

---

[2] As set forth below, Defendants assert that they sold the Woodycrest Avenue store in 2010. Yokasta Medina Aff. ¶ 2. Conditional certification for this location is therefore appropriate only from June 12, 2008 through the time Defendants sold the Woodycrest Avenue store.

4

information on such notices. *See Guo v. Tommy's Sushi Inc.*, 2014 U.S. Dist. LEXIS 147981, at *10 (S.D.N.Y. Oct. 16, 2014) (observing that such "information is necessary to afford employees the opportunity to communicate with defense counsel") (citation omitted).

Defendants' request that the 90-day opt-in period be changed to a 60-day opt-in period is GRANTED. Plaintiff does not explain why a 90-day period is necessary; accordingly, a 60-day period is appropriate. *See Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 58 (E.D.N.Y. 2008).

Defendants' request to strike the proposed language stating "[i]f you proceed separately, you may also have to pay your own lawyer" is GRANTED. *See* Notice, at 5. The Court agrees that this language may mislead potential opt-in members into thinking that attorneys other than Plaintiffs' counsel may charge them upfront for attorneys' fees.

Defendants' request that opt-in plaintiffs be required to mail consent forms to the Court, rather than Plaintiffs' counsel is DENIED. *See She Jian Guo v. Tommy's Sushi Inc.*, 2014 U.S. Dist. LEXIS 147981, at *12 (S.D.N.Y. Oct. 16, 2014) (noting that "[c]ourts in this district are split on this issue," but that "[t]he majority of courts . . . have directed opt-in plaintiffs to mail the consent forms to plaintiffs' counsel").

Plaintiff's request for potential opt-in members' social security numbers is DENIED. *See Guan Ming Lin v. Benihana Nat'l Corp.*, 2011 U.S. Dist. LEXIS 58587, at *34-35 (S.D.N.Y. Apr. 20, 2011)[3].

Finally, Defendants assert that they sold the Woodycrest location in 2010; Plaintiff does not dispute this assertion. Yokasta Medina Aff. ¶ 2. Defendants are therefore not required to post the notice in the Woodycrest location.

---

[3] If Plaintiff finds that the lack of social security numbers impedes his efforts at disseminating notice, Plaintiff may renew his request and "the Court can consider the matter at that time." *Id.*

## CONCLUSION

The motion for conditional collective action certification is GRANTED. Plaintiff may mail the proposed notice, as revised to comport with the terms of this Order, to potential opt-in members.

The motion for the production of contact information of potential opt-in members is GRANTED, except that Plaintiff's request for potential opt-in members' social security numbers is DENIED. Plaintiff's motion for an order requiring Defendants to post the notice, as revised to comport with the terms of this Order, is GRANTED.

Dated: New York, New York
       March 11, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge